

# Fourth Court of Appeals
## San Antonio, Texas

December 4, 2017

No. 04-17-00638-CV

**SWIFT ENERGY OPERATING, LLC,**
Appellant

v.

**REGENCY FIELD SERVICES LLC,** Regency Energy Partners LP, Regency GP LP, and
Regency GP LLC,
Appellees

From the 343rd Judicial District Court, McMullen County, Texas
Trial Court No. M-14-0029-CV-C
Honorable Janna K. Whatley, Judge Presiding

## O R D E R

In its third amended petition in intervention, Swift Energy Operating, LLC, alleged claims of trespass, negligence, gross negligence, and nuisance against Regency Field Services LLC, Regency Energy Partners LP, Regency GP LP, and Regency GP LLC (collectively, Regency). Regency filed a motion for summary judgment, arguing that Swift Energy's claims should be dismissed based on the statute of limitations. On June 28, 2017, the trial court granted Regency's Amended Motion for Summary Judgment against Swift Energy on limitations grounds. Swift Energy then filed a notice of appeal, stating that it intends to appeal from the trial court's order granting summary judgment in favor of Regency.

A judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Here, the trial court's order of June 28, 2017, is interlocutory because it does not dispose of all parties and causes of action. Thus, it is not a final and appealable order. Interlocutory orders may be appealed only if a specific statute authorizes such an interlocutory appeal. For example, section 51.014 of the Texas Civil Practice and Remedies Code lists circumstances under which a person may appeal from an interlocutory order of a district court, county court at law, or county court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. We cannot, however, find any statutory authority allowing an appeal from an order granting summary judgment in this situation.

We, therefore, **ORDER** appellant to show cause in writing by **December 19, 2017** why this appeal should not be dismissed for lack of jurisdiction. We suspend all appellate deadlines pending our determination of whether we have jurisdiction over this appeal.

_____
Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 4th day of December, 2017.

_____
KEITH E. HOTTLE,
Clerk of Court